MELANIE E. DAMIAN V. A-MARK PRECIOUS METALS, INC

CASE NO. 2:16-cv-07198-FMO-SSx

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

EXHIBIT A

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-81311-CIV-MIDDLEBROOKS/BRANNON**

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

Plaintiff,

vs.

HUNTER WISE COMMODITIES, LLC,
*et al.*,

Defendants.
_________________________________/

**ORDER TEMPORARILY APPOINTING SPECIAL CORPORATE MONITOR**

THIS CAUSE comes before the Court upon Plaintiff United States Commodity Futures Trading Commission's ("CFTC") Motion for Preliminary Injunction ("Motion") (DE 4), filed December 6, 2012. On February 22, 2013, the Court held a hearing. Having reviewed all of the filings as well as the arguments and evidence presented at the hearing, I find that the Motion is due to be granted. In the Motion, the CFTC requested that I appoint a receiver. At the conclusion of the hearing, those parties present requested that, given the expediency required under the circumstances and the potential harm to the Defendants by appointment of a receiver, that, at least for the present, I appoint a Special Monitor in lieu of a receiver. The parties agreed to the entry of the instant Order pending my entry of a more comprehensive order on the Motion for Preliminary Injunction next week addressing the remaining legal issues.



EXH. A
P. 15

**EXHIBIT A**

**WHEREAS** the CFTC and the Entity Defendants[1] agree that assets of the Entity Defendants should be preserved and options to maximize the value of the Entity Defendants's operations and assets is in the best interest of creditors, investors, and shareholders of the Entity Defendants;

**WHEREAS** the CFTC and the Entity Defendants agree that it is in the interest of creditors, investors, and shareholders for an examination of the Entity Defendants's finances and options and recommendations be made to the Court about alternatives to maximize the operations and asset value of the Entity Defendants;

**WHEREAS** for the purpose of (a) performing an assessment of the viability of the Entity Defendants' ongoing business enterprises and options and alternatives for the future of the Entity Defendants and (b) recommending to the Court the appropriate course of action for the Entity Defendants, the temporary appointment of a Special Monitor is desirable;

**WHEREAS** for the purpose of (a) preserving assets of the Entity Defendants and (b) permitting the Entity Defendants to continue normal business operations, the temporary appointment of a Corporate Manager is desirable; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Entity Defendants, and venue properly lies in this district.

Accordingly, it is hereby

---

[1]For purposes of this Order, the term "Entity Defendants" includes: Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, Hunter Wise Trading, LLC, Lloyds Commodities, LLC, Lloyds Commodities Credit Company, LLC, Lloyds Services, LLC, C.D. Hopkins Financial, LLC, Hard Asset Lending Group, LLC, Blackstone Metals Group, LLC, Newbridge Alliance, Inc., and United States Capital Trust, LLC.



EXH A
P. 16

**ORDERED AND ADJUDGED** that the Motion for Preliminary Injunction (DE 4) is **GRANTED**[2] as follows:

**I. Appointment of Special Monitor and Corporate Manager**

1. Until further order of this Court, Melanie Damian is hereby approved and appointed to serve without bond as Special Monitor and Corporate Manager for the Entity Defendants.

2. The current Board of Directors and all officers of the Entity Defendants will be available to assist and advise the Special Monitor and Corporate Manager, but will not exercise its traditional functions or assume its traditional duties during the interim period that the Special Monitor and Corporate Manager are appointed. The Entity Defendants may add additional Board members with the approval of the Court during this interim period.

**II. Asset Freeze**

3. The Court hereby temporarily takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Entity Defendants for the purpose of preserving the assets of the Entity Defendants.

4. Except as otherwise specified herein, all assets of the Entity Defendants are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any assets of the Entity Defendants, other than the Corporate Manager, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing such assets. This freeze shall include, but not be limited to, assets of the Entity Defendants that are on deposit with financial

[2] Although the Court is granting the Motion at this time, a more comprehensive order is forthcoming.



ExH A
P. 17

institutions such as banks, brokerage firms and mutual funds.

## III. General Powers and Duties

5. The Corporate Manager shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, and managers of the Entity Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements.

6. The powers of the trustees, directors, officers, managers, employees, investment advisors, accountants, and other agents of the Entity Defendants are hereby suspended. Such persons and entities shall have no authority with respect to the Entity Defendants's operations or assets, except to the extent as may hereafter be expressly granted by the Corporate Manager. The Corporate Manager shall assume and control the operation of the Entity Defendants and shall pursue and preserve all of its claims.

7. No person holding or claiming any position of any sort with the Entity Defendants shall possess any authority to act by or on behalf of the Entity Defendants, unless so instructed by the Corporate Manager.

8. Subject to the specific provisions in Sections IV through XV, below, the Corporate Manager shall have the following general powers and duties:

A. To use reasonable efforts to determine the nature, location and value of all property interests of the Entity Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Entity Defendants own, possess, have a beneficial interest in, or control directly or indirectly;

B. To take custody, control and possession of all the Entity Defendants' property and records relevant thereto; to sue for and collect, recover, receive and take into possession from third parties all property of the Entity Defendants and



Exh A
p. 18

records relevant thereto;

C. To manage, control, operate and maintain the Entity Defendants and hold in her possession, custody and control all property of the Entity Defendants, pending further Order of this Court;

D. To use property of the Entity Defendants, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Corporate Manager in maintaining the ordinary operations of the entities;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Entity Defendants with respect to maintaining the ordinary operations of the Companies;

F. To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder and to continue the normal operations of the Companies, including, but not limited to, accountants, attorneys, financial or business advisers, real estate agents, forensic experts, or brokers;

G. To take such action as necessary and appropriate for the preservation of property of the Entity Defendants or to prevent the dissipation or concealment of property of the Entity Defendants;

H. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Entity Defendants; and

I. To take such other action as may be approved by this Court.

9. Within 5 days of the entry of this Order, the Corporate Manager shall report to the CFTC as to what actions she will undertake to fulfill his duties as the Corporate Manager.

**IV. Access to Information**

10. The Entity Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the Entity Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the



ExH A
P. 19