MELANIE E. DAMIAN V. A-MARK PRECIOUS METALS, INC

CASE NO. 2:16-cv-07198-FMO-SSx

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

EXHIBIT B

**EXHIBIT B**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-81311-CIV-MIDDLEBROOKS/BRANNON**

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

Plaintiff,

vs.

HUNTER WISE COMMODITIES, LLC,
*et al.*,

Defendants.
_______________________________________/

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

THIS CAUSE is before the Court upon Plaintiff United States Commodity Futures Trading Commission's ("Plaintiff" or "CFTC") Motion for an Order of Preliminary Injunction (DE 4), filed December 6, 2012. A hearing on Plaintiff's Motion was held on February 22, 2013, and I appointed Melanie Damian, Esq. as Special Corporate Monitor immediately thereafter. (*See* DE 77). I have considered Plaintiff's Motion and all the declarations and exhibits attached thereto, as well as the Defendants' Responses, the Declaration of Defendant Harold Martin Jr., Plaintiff's Reply, and the evidence and argument presented at the February 22nd hearing, and I am otherwise fully advised in the premises. For the reasons set forth below, I find that the CFTC has jurisdiction over this matter and that they are entitled to a preliminary injunction and other equitable relief.



**EXHIBIT B**

EXH B
p. 20

19. The Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to Carlin Metzger, Senior Trial Attorney, Joseph Konizeski, Chief Trial Attorney, or Rosemary Hollinger, Associate Director, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## APPOINTMENT AND AUTHORITY OF THE CORPORATE MONITOR

It is further hereby **ORDERED AND ADJUDGED** that:

20. Melanie Damian, Esq. is appointed Corporate Monitor for the Entity Defendants as described in the Court's prior order, dated February 23, 2013 (DE 77).

### I. *Powers of the Corporate Monitor*

21. In addition to the authorities already granted the Corporate Monitor, the Corporate Monitor is directed and authorized to accomplish the following:

A. Take exclusive custody, control and possession of all funds, property, and other assets in the possession of, or under the control of Defendants, wherever situated that the Corporate Monitor has a reasonable basis to believe is related to this action. The Corporate Monitor shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents;

B. Enter and inspect the business premises of Defendants and to take documents or other property related to Defendants;

C. Preserve, hold and manage all Corporate Monitorship assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to retail customers;

D. Prevent the withdrawal or misapplication of funds entrusted to Defendants, and otherwise protect the interests of the retail customers;

E. Collect all money owed to Defendants;



EXH B
P. 21

F. Initiate, defend, compromise, adjust, intervene in dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to preserve or increase the assets of Defendants necessary to carry out the duties pursuant to this Order;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Corporate Monitor deems advisable or necessary in the performance of duties and responsibilities upon obtaining leave of this Court and thereafter, only upon further order of this Court;

H. Issue subpoenas to obtain documents and records pertaining to the Corporate Monitorship, and conduct discovery in this action on behalf of the Corporate Monitorship estate;

I. Open one or more bank or securities accounts as designated depositories for funds of Defendants. The Corporate Monitor shall deposit all funds of Defendant in such designated accounts and shall make all payments and disbursements from the Corporate Monitorship estate from such accounts. The Corporate Monitor is authorized to invest Corporate Monitorship funds in U.S. Treasury securities, money market funds or other interest-bearing accounts as appropriate in the Corporate Monitor's judgment;

J. Make payments and disbursements from the Corporate Monitorship estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Corporate Monitor shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendants prior to the date of entry of this Order, except for payments that the Corporate Monitor deems necessary or advisable to secure assets;

K. Close out all commodity futures positions or other outstanding positions and/or hold such assets without further court order; and

L. Advise the Court should it be determined that additional powers are necessary to protect the interests of retail customers, or whether conversion to a receivership would be more suitable under the circumstances.

## II. *Delivery to Corporate Monitor*

22. Immediately upon service of this Order upon them, Defendants and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Corporate Monitor in writing, deliver over to the Corporate Monitor:



EXH B
P. 22

A. Possession and custody of all funds and all other assets, belonging to Defendants;

B. Possession and custody of documents of Defendants, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the assets or documents of Defendants, including but not limited to, access to business premises, means of communication, accounts, computer systems, or other property; and

D. Information identifying the accounts, employees, properties or other assets or obligations of Defendants.

**III. *Cooperation with Corporate Monitor***

23. Defendants, their agents and representatives, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Corporate Monitor in the performance of the Corporate Monitor's duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Corporate Monitor that the Corporate Monitor deems necessary to exercising the authority and discharging the responsibilities of the Corporate Monitor under this Order; and advising all persons who owe money to Defendants that all debts should be paid directly to the Corporate Monitor. However, this requirement does not impinge on any person's right to assert applicable privileges.

**IV. *Corporate Monitor's Report to the Court and Compensation***

24. The Corporate Monitor shall maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of Corporate Monitorship funds; make such written accounts and supporting documentation available to the



EXH B
p. 23